IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LOUIS JONES, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:19-cv-08051-LSC |
| | ) | (2:15-cr-00145-LSC-GMB-1) |
| UNITED STATES OF AMERICA | ) | (2:15-cr-00397-LSC-JHE-1) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Petitioner Timothy Louis Jones, Jr. ("Jones") filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The motion is due to be denied for lack of jurisdiction.

**I.   Background**

On May 28, 2015, Jones was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in case number 2:15-cr-00145-LSC-GMB-1, stemming out of an incident taking place on or about October 2, 2013. Jones pleaded guilty to that charge, pursuant to a written plea agreement, on November 5, 2015.

On November 30, 2015, Jones was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in case number 2:15-cr-00397-LSC-JHE-1, stemming out of a different incident and arrest that took place on or about March 26, 2015. On January 14, 2016, Jones pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to a written plea agreement.

This Court conducted Jones's sentencing hearing for both cases on March 8, 2016. For case number 2:15-cr-00145-LSC-GMB-1, Jones was sentenced to a term of imprisonment of sixty-three (63) months to run consecutive to all other cases. For case number 2:15-cr-00397-LSC-JHE-1, Jones was sentenced to a term of sixty-three (63) months to run concurrent with Jefferson County Alabama Court cases CC 15-3086, DC 15-2901, and DC 15-2903 through 15-2905, and to run consecutive to the judgment in case number 2:15-cr-00145-LSC-GMB-1 and all other state court cases. Judgment was entered on March 9, 2016. Jones did not appeal.

Jones filed  motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on April 23, 2019. This Court denied Jones's motion on May 6, 2019.

On July 23, 2019, Jones filed another 2255 petition. (Doc. 1 in 2-19-cv-08027-LSC.) On December 10, 2019, Jones filed the instant motion.

**II.     Discussion**

Jones's sole argument is that his felon in possession of a firearm conviction should be vacated due to the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). However, this Court lacks jurisdiction to consider his motion.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Jones has received such authorization from the Eleventh Circuit. Therefore, Jones' motion is due to be dismissed for lack of jurisdiction.

**III.    Conclusion**

For the reasons stated above, the § 2255 motion is due to be denied for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Jones' claims do not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Jones' motion, it is due to be denied.

A separate closing order will be entered.

**DONE** and **ORDERED** on June 22, 2020.

*[signature]*

L. Scott Coogler
United States District Judge

201416